# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DEBORAH A. EATON,** | C.A. No.: |
| Plaintiff, | **TRIAL BY JURY DEMANDED** |
| v. | |
| **UHS OF DOVER, LLC**<br>**A Delaware Limited Liability**<br>**Company, d/b/a DOVER**<br>**BEHAVIORAL HEALTH**<br>**SYSTEM,** | **COMPLAINT** |
| Defendant. | |

1. Plaintiff, Deborah A. Eaton, (hereinafter "Ms. Eaton" or "Plaintiff") is a resident of the State of Delaware residing at 107 E. Bradys Lane, Dover, DE 19901.

2. Defendant, UHS of Dover, LLC, d/b/a Dover Behavioral Health System, (hereinafter "UHS" or "Defendant") is a Delaware limited liability company whose registered agent for service of process is Corporation Service Company located at 251 Little Falls Drive, Wilmington, Delaware 19808.

3. UHS is an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* (hereinafter "Title VII") and 19 *Del. C. § 710 et seq.*

4. Jurisdiction is conferred on this Court by 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §1343, and 28 U.S.C. §1367.

5. Plaintiff is a female.

6. Plaintiff brings this action to redress the wrongs done to her by Defendant's discrimination against her on the basis of her gender.

7. Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the bases for these claims took place within the boundaries of that District.

8. UHS is liable for the actions of its agents as outlined in this Complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the ratification of its agents' actions by UHS.

9. Ms. Eaton timely submitted a complaint of discrimination based on gender discrimination to the Delaware Department of Labor (hereinafter "the DDOL") and the Equal Employment Opportunity Commission (hereinafter "the EEOC").

10. Ms. Eaton has received Notices of Right to Sue for the above-referenced charge from the EEOC on April 08, 2022 and from the DDOL on May 09, 2022.

11. This Complaint was filed within the ninety (90) day period from Plaintiff's receipt of the EEOC's and DDOL's Notices of Right to Sue.

12. Ms. Eaton was hired by UHS in or about November 2017 as a Maintenance Mechanic until her constructive discharge in or about February 2021.

13. At all times relevant herein, Ms. Eaton was employed by UHS as a Maintenance Mechanic.

14. At all times relevant to this Complaint, Ms. Eaton was qualified for her job position and satisfactorily performed all job duties of her position.

15. Ms. Eaton was an exemplary employee during her tenure with UHS, never receiving a formal reprimand or complaint and was rewarded for her exemplary work.

16. Over the course of her employment, Ms. Eaton reported Mike Davis, a male co-worker that she had daily interaction with, several times to her direct supervisor, Environmental Care Director, Bob Jones, Human Resources Director Ali Thompson, and Human Resources Director, Allison Brennan for inappropriate behavior and sexual harassment.

17. Ms. Eaton endured many months of vulgar and often times sexually explicit or suggestive language directed at herself and other female employees of UHS from Mike Davis. Many times, Mike Davis's sexually explicit language was accompanied by him touching his genital area in a sexually suggestive manner.

18. Plaintiff reported these incidents on numerous occasions to her direct supervisor Bob Jones, and to UHS Human Resources. Each time, she was promised that Davis' inappropriate language and suggestive acts would not be tolerated and that the leadership of UHS would speak to him about the need to eliminate his inappropriate behavior. These conversations either never occurred or were ineffective as Mr. Davis' inappropriate conduct did not cease.

19. Mike Davis' behavior alienated him from many of the other staff of UHS, resulting in Ms. Eaton being specifically requested for many more maintenance service calls over Mike Davis. Additionally, there were several labor-intensive tasks that Mike Davis simply refused to do and was allowed to pass this work off to Ms. Eaton without consequence. This caused an unequal division of labor, resulting in Ms. Eaton being burdened with the more difficult and physically strenuous work assignments than Mr. Davis despite them holding the same position, with the same responsibilities.

20. On one occasion, Ms. Eaton was instructed by Bob Jones to go clean out overflowing drains, work that was assigned to Mike Davis but was not completed by him before the overflowing occurred. Upon being told by Ms. Eaton that she would be completing the task, Mike Davis became infuriated and shoved Ms. Eaton out of anger. For his actions, Mike Davis was suspended for three days but was allowed to return to work at the same position without further reprimand.

21. Eventually Mike Davis' continuing inappropriate behavior became unbearable for Ms. Eaton, resulting in her providing UHS with three weeks' notice of her intention to resign from her position in or about February 2021. After only two weeks, on or about February 19, 2021, Ms. Eaton was instructed by UHS to end her employment.

22. Plaintiff's cessation of employment constituted a constructive discharge.

23. Plaintiff's resignation was not the result of a voluntary decision but was caused by the untenable behavior of Mike Davis and UHS' unwillingness to alleviate the hostile work environment created by Mike Davis' conduct. Ms. Eaton's departure from employment was by constructive discharge as a result of the continued and unabated harassment based on her gender and the hostile work environment permitted to exist by UHS, in clear violation of the protections afforded under Title VII and 19 *Del. C.* § 710 *et seq.*

24. The wrongful acts committed by UHS and its agents, as stated hereinabove, were willful and wanton acts of gender discrimination and committed in bad faith.

25. By constructively discharging Plaintiff by maintaining a hostile work environment, Defendant has discriminated against Plaintiff on the basis of her gender.

26. As a direct result of the actions of UHS, Ms. Eaton has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

## COUNT I – TITLE VII & 19 *Del. C.* § 710 *et seq.*

27. Ms. Eaton restates and hereby incorporates by reference paragraphs 1 through 26 hereinabove.

28. By committing the aforementioned acts, including constructively discharging Plaintiff, UHS has discriminated against Plaintiff based on her gender in violation of 42 U.S.C. §2000e, *et seq.* and 19 *Del. C.* § 710 *et seq.* Gender Discrimination was the motivating factor that constructively discharged Ms. Eaton from employment.

29. As a direct result of the discriminatory conduct of UHS and its agents, Ms. Eaton suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Ms. Eaton demands judgment against UHS for:

    (a)    Back pay, including interest;

  (b) Reinstatement, if feasible, or, in that alternative, front pay;

  (c) Compensatory and punitive damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

  (d) Punitive damages;

  (e) Pre-judgment and post-judgment interest;

  (f) Attorney's fees and costs and;

  (g) Any other relief, whether legal or equitable, that the Court deems just and appropriate.

SCHMITTINGER & RODRIGUEZ, P.A.

By: _____
WILLIAM D. FLETCHER, JR., ESQ.
Bar I.D. #362
DIANNA E. STUART, ESQ.
Bar I.D. # 6301
414 South State Street
P.O. Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorneys for Plaintiff

Dated: 6/8/22